IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD STEWART,

    Petitioner,                    No. CIV S-05-0458 DFL KJM P

    vs.

M. SHEPHERD,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that the governor's decision overturning his grant of parole violated his right to due process of law. Respondent has filed a motion to dismiss, arguing the petition does not present a federal question. He relies on two recent decisions, In re Dannenberg, 34 Cal.4th 1061 (2005) and Sass v. California Board of Prison Terms, 376 F.Supp.2d 975 (E.D. Cal. 2005), to argue that California Penal Code section 3041 does not create a liberty interest in parole.

        In support of his motion, respondent has submitted points and authorities apparently developed to address the application of the two cited cases in cases where a petitioner is challenging a denial of parole by the Board of Prison Terms (BPT); he apparently has not considered the state of the law with respect to the posture of this case. While urging this court to

1

1 follow Dannenberg's interpretation of California law, he ignores the holding of another
2 California case:

> [C]onstitutional and statutory provisions . . . set forth standards and criteria that limit the Governor's review of a parole decision pursuant to Article V, section 8(b) [of the California Constitution], and give rise to a protected liberty interest under the California due process clause. As relevant here, a prisoner granted parole by the Board has an expectation that the Governor's decision to affirm, modify, or reverse the Board's determination will be based upon the same factors the Board is required to consider.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> Under California law, this liberty interest underlying a Governor's parole review decisions is protected by due process of law.

10 In re Rosenkrantz, 29 Cal.4th 616, 660-61 (2002).
11        In Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7, 11 (1979), the United
12 States Supreme Court found an inmate has "no constitutional or inherent right" to parole, even
13 when a state establishes a system of conditional release from confinement.  The Court
14 recognized, however, that the structure of parole statutes might give rise to a liberty interest in
15 parole that would, in turn, mean an inmate was entitled to certain procedural protections.  Id. at
16 14-15.  In Greenholtz, the Court noted it was denied the benefit of the Nebraska courts'
17 interpretation of the scope of the liberty interest, if any, that the state's parole statute was intended
18 to afford, id. at 12, and so turned to its own interpretation of the statute.
19        Here, the California Supreme Court has defined the "scope of the liberty interest"
20 an inmate has in a date already set by the Board and under review by the governor, yet
21 respondent has not so much as acknowledged the holding.  Instead, respondent suggests that
22 Dannenberg and Sass, both of which examined instances of the BPT's finding of unsuitability for
23 parole, control this case, but does not explain how.  This apparently reflexive use of a boilerplate
24 motion has not advanced respondent's interests in this case.
25        Respondent also relies on Sandin v. Conner, 515 U.S. 472 (1995), a case brought
26 under 42 U.S.C. § 1983, to argue that the method by which a court determines whether a statute

1  creates a liberty interest has been changed.  Here again, respondent fails to discuss <u>Sandin</u>'s
2  impact when a state court has explicitly found the statute to create a liberty interest.  Moreover,
3  in <u>McQuillion v. Duncan</u>, 306 F.3d 895, 903 (9th Cir. 2002), and again in <u>Biggs v. Terhune</u>,
4  334 F.3d 910, 914-15 (9th Cir. 2003), the Ninth Circuit rejected <u>Sandin</u>'s application to a
5  determination of whether a statute creates a liberty interest in parole.  <u>See also</u> <u>Sass</u>,
6  376 F.Supp.2d at 980-81.  Respondent cites cases from other circuits that have applied <u>Sandin</u> in
7  cases that do not raise challenges to conditions of confinement.  Respondent points to no
8  Supreme Court or Ninth Circuit authority, however, in support of his position.  Based on the
9  record before it, and its reading of the case law, this court is bound to follow <u>McQuillion</u> and
10 <u>Biggs</u>.

11         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
12 dismiss be denied.

13         These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within ten days after service of the objections.  The parties are advised
19 that failure to file objections within the specified time may waive the right to appeal the District
20 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
21 DATED: February 23, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

26 2/stew0458.157

3