IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD STEWART,

        Petitioner,               No. CIV S-05-0458 RRB KJM P

    vs.

M. SHEPHERD,

        Respondent.        <u>ORDER</u>

                                      /

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the Governor's decision to rescind a previously granted parole date.

        Respondent filed an answer on April 17, 2006 along with several exhibits. Exhibit A is the abstract of judgment from petitioner's 1981 murder conviction; Exhibit B is the Sacramento Superior Court's decision on petitioner's state habeas petition; Exhibit C is a transcript of the March 13, 2002 parole hearing; Exhibit D is a portion of the probation report; Exhibit E is the Governor's Indeterminate Sentence Parole Release Review.

        The Governor relied in part on a series of psychological evaluations. Ex. E at 2. In addition, the Parole Board mentions a Board packet, which includes information from

////

petitioner's participation in Narcotics Anonymous and a psychological evaluation from Melvin Macomber.  Ex. C at 31.[1]  It appears that this packet was also considered by the Governor.

Under Rule 7(a) of the Rules Governing ¶ 2254 Proceedings, a court may direct the parties to expand the record by submitting additional materials germane to the issues before the court.  In order to determine whether the Governor's determination comports with the "some evidence" standard, it is necessary for the court to review all the materials the Governor considered.

IT IS HEREBY ORDERED that within thirty days of the date of this order, respondent expand the record with all the materials the Governor considered in deciding to rescind petitioner's parole date.

DATED:  October 18, 2007.

_____
U.S. MAGISTRATE JUDGE

2

stew0458.exr

---

[1] Petitioner refers to several of these documents in his habeas petition and suggests that they are attached as exhibits.  They are not.

2