IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD STEWART,

    Petitioner,                   No. CIV S-05-0458 JAM KJM P

   vs.

M. SHEPHERD, et al.,

    Respondents.                <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 31, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Respondent has filed objections to the findings and recommendations (Docket 31) and petitioner has filed a reply (Docket 33).

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case. Having carefully reviewed the entire file, the court finds as follows:

1. The Magistrate Judge's finding that the Plaintiff Edward Stewart ("Stewart") has a federally protected liberty interest in parole is supported by the record and proper legal analysis;

2. The Magistrate Judge's finding that the some evidence standard applies to this matter is supported by the record and proper legal analysis;

3. The Magistrate Judge's finding that the Superior Court's finding was objectively unreasonable is not supported by the record and proper analysis. This Court, therefore will not adopt this finding or recommendation. This Court finds that the Superior Court's factual finding that Stewart's risk of relapse into alcohol use had not been evaluated since 1994 was correct. Neither Stewart's correctional counselors nor mental health evaluators specifically assessed whether his risk of relapse had changed. This fact, along with the murder itself and Stewart's criminal record which had been fueled by his drug and alcohol abuse led the Superior Court to properly find that there was some evidence to support the Governor's determination that Stewart was not suitable for parole at this time.

The materials cited by the Magistrate Judge (Docket 27 at pages 17-25) and relied upon by her in rejecting the Superior Court's factual finding do not include a <u>specific assessment</u> of Stewart's risk of relapse into alcohol use. These materials only generally address Stewart's substance abuse. They do not directly and specifically address the concerns raised by the Governor in his determination that parole should be denied nor do they contradict the Superior Court's conclusion that some evidence supported the Governor's determination because the murder itself and Stewart's criminal record had been fueled by his drug and alcohol abuse, yet there had not been an adequate assessment of the danger that Stewart would relapse into substance abuse when released, particularly given the phantom pain he experiences in connection with the amputation of his arm.

The Court disagrees with Stewart's argument that the risk of relapse is addressed through ongoing AA and NA programs that he has actively and continues to attend. (Docket 33

at p. 34). Stewart argues that the Superior Court's reading of the record, like the Governor's is unsupported by the facts (Id. at p. 36). The Court disagrees. The Superior Court's factual finding that Stewart's risk of relapse was not evaluated post-1994 is not an unreasonable finding based on a record that contains a direct assessment of that risk in 1994 and none subsequent. The Superior Court's presumptively correct factual finding is reasonably supported by the record. Under AEDPA, the Magistrate Judge's different reading of the record does not warrant rejecting the Superior Court's finding. This Court also finds that the Superior Court's application of the some evidence standard was not objectively unreasonable. As the Superior Court identified evidence in the record supporting the Governor's decision to deny Stewart parole based on his crime and criminal history, in combination with his substance abuse issues , the Superior Court did not rule contrary to, or unreasonably apply Supreme Court law. Accordingly, the Superior Court ruling did not violate AEDPA's standards and this Court will not adopt the recommendation of the Magistrate Judge to grant Stewart's Petition.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The petition for a writ of habeas corpus is denied.

DATED: August 26, 2008

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

stew0458.806hc

at p. 34). Stewart argues that the Superior Court's reading of the record, like the Governor's is unsupported by the facts (Id. at p. 36). The Court disagrees. The Superior Court's factual finding that Stewart's risk of relapse was not evaluated post-1994 is not an unreasonable finding based on a record that contains a direct assessment of that risk in 1994 and none subsequent. The Superior Court's presumptively correct factual finding is reasonably supported by the record. Under AEDPA, the Magistrate Judge's different reading of the record does not warrant rejecting the Superior Court's finding. This Court also finds that the Superior Court's application of the some evidence standard was not objectively unreasonable. As the Superior Court identified evidence in the record supporting the Governor's decision to deny Stewart parole based on his crime and criminal history, in combination with his substance abuse issues , the Superior Court did not rule contrary to, or unreasonably apply Supreme Court law. Accordingly, the Superior Court ruling did not violate AEDPA's standards and this Court will not adopt the recommendation of the Magistrate Judge to grant Stewart's Petition.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The petition for a writ of habeas corpus is denied.

DATED: August 26, 2008

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

stew0458.806hc